Theresa M. Marchlewski (SBN 82429)
Gina Gi (SBN 266708)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Theresa.Marchlewski@jacksonlewis.com
Gina.Gi@jacksonlewis.com

Attorneys for Defendant
DAVIS CONSTRUCTION PLUMBING, INC.

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WARDI, an individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>ALPHA CONSTRUCTION CO., INC., a California corporation; and DOES 1 THROUGH 50, inclusive.<br><br>    Defendant. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 (FEDERAL QUESTION)**<br><br>(Filed concurrently with Declaration of Gina Gi; Civil Cover Sheet; Certification and Notice of Interested Parties; Corporate Disclosure Statement; and Notice of No Related Cases)<br><br>Complaint Filed: October 3, 2019 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF ROBERT WARDI AND HIS COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that Defendant DAVIS CONSTRUCTION PLUMBING, INC. ("Davis") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles based on federal question jurisdiction, by providing "a short and plain

statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). In support thereof, Davis avers the following:

### SERVICE AND PLEADINGS FILED IN STATE COURT

1. On October 3, 2019, Plaintiff ROBERT WARDI ("Plaintiff") filed an unverified Complaint alleging 6 causes of action: (1) harassment in violation of the Fair Employment and Housing Act ("FEHA"); (2) discrimination in violation of the FEHA; (3) failure to remedy and prevent discrimination, harassment, and retaliation in violation of the FEHA; (4) negligent retention and supervision; (5) wrongful termination in violation of public policy, and (6) retaliation in violation of the FEHA, against defendant Alpha Construction Co., Inc. and Does 1 through 50 in the Superior Court of the State of California in and for the County of Los Angeles entitled *Robert Wardi, Plaintiff, v. Alpha Construction Co., Inc., a California Corporation; and Does 1 through 50 inclusive*, Case No. 19STCV35440 (the "Complaint").   (Declaration of Gina Gi ("Gi Decl.") at ¶ 2.)

2. On October 17, 2019, Plaintiff filed a fictitious name amendment, to substitute Davis into the action as Doe 1.  (Declaration of Gina Gi ("Gi Decl.") at ¶ 3.)

3. Davis first received Plaintiff's Summons, Complaint, fictitious name amendment, and related court documents when it was served with the same on October 23, 2019. (Declaration of Gina Gi ("Gi Decl.") at ¶ 4.)  A true and correct copy of the Summons, Complaint, fictitious name amendment, Civil Case Cover Sheet, Voluntary Efficient Litigation Stipulations/ADR Information Package/First Amended General Order re Mandatory Electronic Filing, Notice of Case Assignment, and Court's October 7, 2019 Notice of Case Management Conference is attached as **Exhibit A** to the Gi Declaration.

4. On November 18, 2019, Davis' counsel met and conferred with Plaintiff's counsel to discuss fatal deficiencies with the Complaint, including that it was time barred under the statute of limitations and a failure to exhaust administrative remedies, and to explain that the Doe Amendment did not have relation-back effect.  (Gi Decl. at ¶ 5.)

5. On December 2, 2020, co-defendant Alpha Construction Co., Inc. ("Alpha") filed its Answer to the Complaint.  A true and correct copy of Alpha's Answer is attached

as **Exhibit B** to the Gi Declaration. (Gi Decl. at ¶ 6.)

6. On December 3, 2019, Plaintiff's counsel advised that he would amend the Complaint to try to address the deficiencies. He gave Davis an extension to serve its responsive pleading until 30 days after the First Amended Complaint was served. (Gi Decl. at ¶ 7.)

7. On December 10, 2020, Alpha filed an Amended Answer. A true and correct copy of the Amended Answer is attached as **Exhibit C** to the Gi Declaration. (Gi Decl. at ¶ 8.)

8. On March 3, 2020, Plaintiff filed a Notice of Posting Jury Fees as well as his Case Management Statement, in advance of the March 18, 2020 Case Management Conference. A true and correct copy of Plaintiff's Notice of Posting Jury Fees and CMC Statement are attached as **Exhibits D** and **E** to the Gi Declaration. (Gi Decl. at ¶ 9.)

9. On March 4, 2020, Alpha filed a Case Management Statement. A true and correct copy of Alpha's CMC Statement is attached as **Exhibit F** to the Gi Declaration. (Gi Decl. at ¶ 10.)

10. On March 17, 2020, Davis' counsel continued to follow-up with Plaintiff's counsel about the status of the First Amended Complaint, and when it would be served. On that day, Plaintiff's counsel responded that he realized he had not done so and that he had been busy transitioning his office to remote work in light of Covid-19. (Gi Decl. at ¶ 11.)

11. On March 11, 2020, Davis filed a Case Management Statement in advance of the March 18, 2020 Case Management Conference. A true and correct copy of Davis' CMC Statement is attached as **Exhibit G** to the Gi Declaration. (Gi Decl. at ¶ 12.)

12. In light of the impact of Covid-19, on March 17, 2020, the Court continued the March 11, 2020 Case Management Conference to April 21, 2020. A true and correct copy of the Court's Minute Order is attached as **Exhibit H** to the Gi Declaration. (Gi Decl. at ¶ 13.)

13. On April 16, 2020, due to the continuing court closures and the stay-at-home orders, the court continued the Case Management Conference again to June 25, 2020. A true and correct copy of the Court's Minute Order is attached as **Exhibit I** to the Gi Declaration. (Gi Decl. at ¶ 14.)

14. On July 15, 2020, Davis filed an updated Case Management Statement in advance of the June 25, 2020 Continued Case Management Conference. A true and correct copy of Davis' CMC Statement is attached as **Exhibit J** to the Gi Declaration. (Gi Decl. at ¶ 15.)

15. On June 25, 2020, the parties appeared at a Case Management Conference before the Honorable Terry A. Green. At that time, Davis' counsel apprised the court that Plaintiff still had not filed his First Amended Complaint, and that Davis had an open extension until 30 days after to respond. The Judge therefore ordered that Plaintiff file and serve the First Amended Complaint by July 10, 2020. A true and correct copy of the court's Minute Order is attached as **Exhibit K** to the Gi Declaration. (Gi Decl. at ¶ 16.)

16. On July 13, 2020, Plaintiff served his First Amended Complaint. A true and correct copy of Plaintiff's First Amended Complaint ("FAC") is attached as **Exhibit L** to the Gi Declaration. (Gi Decl. at ¶ 17.)

17. Plaintiff's FAC sets forth all of the same causes of action as his original Complaint, but for the first time added a seventh cause of action for discrimination arising under Section 1981 of the Civil Rights Act of 1981 (42 U.S.C. § 1981.) (Gi Decl. at ¶ 18, Exh. L.)

18. As of the date of this Notice of Removal, **Exhibits A** through **L** to the Gi Declaration constitute all of the pleadings received or filed by Defendant in this matter. (Gi Decl. at ¶ 19.)

## REMOVAL IS TIMELY

19. This Notice of Removal has been filed within thirty (30) days after Davis received service of the FAC on July 13, 2020, which was the first point in time from which it was ascertainable that the case was removable, and therefore it has been filed

within the mandated time period. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

### NOTICE TO ALL PARTIES AND STATE COURT

20. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiff's counsel and counsel for co-defendant Alpha, and also filed with the Clerk of the Los Angeles County Superior Court.

21. In accordance with 28 U.S.C. § 1446(b)(2), counsel for Davis met and conferred with counsel for co-defendant Alpha, and obtained Alpha's consent to the removal. Counsel for Alpha advised she will be filing Alpha's notice of consent to the removal. (Gi Decl. at ¶ 20.)

22. All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

### VENUE IS PROPER

23. Venue of this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441, 1446(a) *et seq.*, and 1391(b)(2) because the action was removed from the Superior Court of California for the County of Los Angeles, and the Central District, Western Division, is the judicial district where the state action is pending. Further, the Central District of California is the judicial district in which Plaintiff alleges the action arose. (Exhibit "K" to Gi Decl. (FAC) at ¶ 5.)

### REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

24. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

25. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it involves alleged violations of the laws of the United States. Specifically, the FAC alleges that Plaintiff was discriminated against "based on his race, ancestry, ethnicity and/or national origin" and terminated from his employment, in violation of 42 U.S.C. § 1981, *et seq.* (Exhibit "K" to Gi Decl. (FAC) at ¶¶ 49-51.) Because Plaintiff alleges violations of Section 1981 of the Civil Rights Act of 1981 on the face of his Complaint, and because this is federal law, Plaintiff's FAC presents a "federal question." *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002) (whether a case "arises under" federal law for original jurisdiction purposes is tested by the "well-pleaded complaint" rule which requires federal courts to consider only what necessarily appears in plaintiff's statement of his claim); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (whether the claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction). Accordingly, this is an action of a civil nature in which the district courts of the United States have been conferred original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. § 1331.

26. In addition, this Court has supplemental jurisdiction because the state/common law claims are "so related to [the federal] claims that they form part of the same case or controversy." 28 U.S.C. § 1367. Here, Plaintiff's FEHA, wrongful termination in violation of public policy, and negligent retention and supervision claims (causes of action 1 through 6) are all based on the same underlying allegations upon which his Section 1981 claim is based. Plaintiff's Section 1981 claim incorporates the same factual allegations upon which his state/common law claims are based. (Exhibit "K" to Gi Decl. (FAC) at ¶¶ 6-8, 10, 17, 23, 32, 37, 43, and 48.) The claims all arise from the same set of underlying facts. Accordingly, Defendant requests this Court retain jurisdiction for all further proceedings.

## **CONCLUSION**

27. Based on the foregoing, Davis hereby removes the above-captioned action from the Los Angeles County Superior Court to this Court based on federal question jurisdiction (28 U.S.C. §§ 1331, 1441, and 1446), and respectfully asks that this Court retain jurisdiction for all further proceedings.

                                             Respectfully submitted,

Dated:  August 11, 2020           JACKSON LEWIS P.C.

                                             By: */s/ Gina Gi*
                                                  Theresa M. Marchlewski
                                                  Gina Gi

                                             Attorneys for Defendant
                                             DAVIS CONSTRUCTION PLUMBING, INC.

4843-4529-1716